IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARTH WHITE, JR.,
   *Plaintiff*,

v.                                 Civil Action No. ELH-17-1177

DATE TRUCKING, LLC,
   *Defendant*.

**MEMORANDUM**

This tort case was filed on December 11, 2016, in the Circuit Court for Baltimore City, by plaintiff Garth White, Jr. ECF 2. It pertains to an incident that occurred on December 19, 2013. *Id.* Defendant Date Trucking, LLC removed the case to this Court on April 28, 2017, based on diversity jurisdiction. ECF 1. *See* 28 U.S.C. § 1332. Several motions are pending, and no hearing is needed to resolve them. *See* Local Rule 105.6.

**I.**

Defendant has moved (ECF 33, "Motion") to modify the Court's current Scheduling Order. *See* ECF 30. On the same date that defendant filed the Motion, it also filed a motion to shorten plaintiff's time to respond to the Motion. ECF 34. In particular, both motions were submitted on February 17, 2018, the Saturday of a three-day holiday weekend. The Motion seeks to extend by four months the Scheduling Order's current deadlines, one of which is February 22, 2018. On that date, defendant's Rule 26(a)(2) disclosures are due. ECF 30. Defendant seeks to give plaintiff, who opposes the Motion (*see* ECF 33, ¶ 13), only until February 21, 2018, to respond. ECF 34 at 2.

At the outset, plaintiff's opposition to an extension is difficult to understand, given that this Court has, at plaintiff's request, previously modified the original Scheduling Order (ECF 13)

by a comparable amount of time, following plaintiff counsel's entry of appearance in the case in October 2017, several months after suit was filed. *See* ECF 20; ECF 21. Still, the additional four month extension requested by defendant seems excessive. Defendant asserts, among other things, that "the neuropsychologist select [*sic*] by the Defendant cannot schedule evaluation and testing until June 2018." ECF 33, ¶ 9. But, defendant offers no explanation for this delay, or for why this specific neuropsychologist is essential to its case.

Accordingly, by March 2, 2018, counsel are directed either to submit a proposed revised Scheduling Order reflecting an extension of three months for discovery, or show cause why such an extension would be (a) improper, or (b) inadequate. Until then, I shall stay the current Scheduling Order (ECF 30), and I shall deny ECF 34, as moot.

**II.**

Also pending is plaintiff's motion for leave to file an amended complaint, filed December 6, 2017. ECF 31 ("Motion to Amend"). The proposed Amended Complaint adds two new defendants: Kevin Grantland, a truck driver, and Kevin Grantland, Inc., Grantland's corporate alter ego. *See* ECF 31-4. Defendant opposes the Motion to Amend (ECF 32), with exhibits. Plaintiff did not reply.

In tort cases, Maryland applies the doctrine of *lex loci delecti*, *i.e.*, the law of the jurisdiction where the alleged wrong occurred. *Lewis v. Waletzky*, 422 Md. 647, 657, 31 A.3d 123, 129 (2011); *Erie Ins. Exch. v. Heffernan*, 399 Md. 598, 620, 925 A.2d 636, 648 (2007); *Kortobi v. Kass*, 182 Md. App. 424, 443, 957 A.2d 1128, 1139 (2008), *aff'd*, 410 Md. 168, 978 A.2d 247 (2009). As the underlying incident occurred in Maryland (*see* ECF 2, ¶ 2), it is Maryland's substantive law that applies here.

Under Maryland law, the statute of limitations for a negligence action is generally three years. *See* Md. Code (2013 Repl. Vol.), § 5-101 of the Courts and Judicial Proceedings Article ("C.J."). C.J. § 5-101 provides, in part: "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period. . . ."

Plaintiff alleges that he was harmed on December 19, 2013, when a load bar fell on him. ECF 2, ¶ 3. Accordingly, his claim accrued at that time. Given that the three-year statute of limitations has therefore expired, the question is whether the addition of two new defendants would relate back to the initial filing of the Complaint. *See* Fed. R. Civ. P. 15(c).

Under certain circumstances, a court must treat an amended complaint as if it were filed on the date of the initial complaint. This convention is known as "relation back." *See* Fed. R. Civ. P. 15(c). If the amendment relates back, it should be allowed under Fed. R. Civ. P. 15(a). If it does not, the claims against the new defendants are barred, as untimely.

Pursuant to Fed. R. Civ. P. 15(c)(1)(A), an amendment can relate back if "the law that provides the applicable statute of limitations allows relation back." Because this is a diversity case, and Maryland law applies, plaintiff's new claims may relate back if Maryland's statute of limitations so allows. But, under Maryland law, "[a] plaintiff is not permitted to add a new defendant to a case after the limitations period has expired except to correct the name of a defendant." *Hansberger v. Smith*, 229 Md. App. 1, 23, 142 A.3d 679, 692, *cert. denied*, 450 Md. 430, 149 A.3d 552 (2016) (citations omitted); *see also Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 130 n.18, 31 A.3d 212, 235 (2011). Here, plaintiff seeks not just to correct a name, but to add two entirely new parties. Therefore, Rule 15(c)(1)(A) does not allow the amendment.

Alternatively, under Rule 15(C)(1)(c), an amendment that "changes the party or the naming of the party" to a suit relates back "to the date of the original pleading," if:

> Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In other words, for an amended suit to relate back, three requirements must be met. First, Rule 15(c)(1)(B) must be satisfied. *See* Fed. R. Civ. P. 15(c)(1)(C). Rule 15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Second, the defendant must have received notice of the action within the period provided by Rule 4(m), such that it will not be prejudiced in defending itself on the merits. *See* Fed. R. Civ. P. 15(c)(1)(C)(i). Rule 4(m) provides for service on a defendant within 90 days after the complaint was filed. Third, it is required that the defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(c)(1)(C)(ii).

Under this rule, for a claim against a new defendant to relate back, "the new party must have received adequate notice *within the limitations period* and suffer no prejudice in its defense." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 473 (4th Cir. 2007) (emphasis added). Plaintiff asserts, in a conclusory manner, that the new defendants "received such notice of the action that [they] will not be prejudiced" and that they "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." ECF 31-1 (quoting *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 547 (2010)). But, plaintiff offers no factual or legal support for this assertion. *See Krupski*, 560 U.S. at 549 ("The only question under Rule 15(c)(1)(C)(ii), then, is whether [the new defendant] knew or should have known that, absent some mistake, the action would have been brought against him.").

In *Krupski*, 560 U.S. 538, the plaintiff was injured on a cruise ship. Her ticket was issued by Costa Cruise Lines ("Costa"), the original defendant, but the ticket identified Costa Crociere S.p.A. ("Crociere") as the carrier, and required notice to the carrier. Suit was timely filed against Costa. After limitations expired, the plaintiff was granted leave to amend to add Crociere as a defendant. But, the district court and the Eleventh Circuit concluded that, under Fed. R. Civ. P. 15(c), the amendment did not relate back to the date of the timely filed complaint under Rule 15(c). The Supreme Court reversed.

The Supreme Court made clear that any focus on the plaintiff's knowledge as to the proper defendant was "the wrong starting point." 560 U.S. at 548. It said, *id.*: "The question under Rule 15(c)(1)(C)(ii) is not whether Krupski knew or should have known the identity of Costa Crociere . . . but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error." The Court added, *id.*: "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint.[]" (Emphasis in original). Moreover, the Court observed that "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Id.*

In addition, the Court reasoned that Rule 15(c)(1)(C)(ii) is not met when "the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity." *Id.* at 552. Notably, "the amending party's diligence" is not a factor. *Id.* at 553.

In *Krupski*, the two defendant entities were clearly related. And, the Court observed that the complaint "made clear" that the plaintiff "meant to sue the company that 'owned, operated, managed . . . and controlled' the ship . . . .", *i.e.*, Crociere, not Costa. *Id.* at 554 (citation

omitted). Thus, the failure to name the proper party was a mistake. *Id.* at 556. In reaching its decision, the Court pointed to the "interrelationship" between the two defendants and the similarity of their names, which "heighten[ed] the expectation that Costa Crociere should suspect a mistake [was] made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities." *Id.*

The facts in *Krupski* are markedly different from the facts in the case *sub judice*.

Plaintiff's proposed Amended Complaint contains one relevant, but conclusory, allegation: "Alternatively, KEVIN F. GRANTLAND and KEVIN F. GRANTLAND, INC. has '(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.')." ECF 31-4, ¶ 14. No factual allegations support this conclusion. Indeed, even if all the facts alleged in the Amended Complaint were taken as true, it is not evident that Grantland or his corporation would have had notice, within the Rule 4(m) period or the limitations period, "that they should have been parties." *Goodman*, 494 F.3d at 472.

Plaintiff did not sue any party other than Date Trucking, LLC, and gave no indication that anyone other than defendant and "its agents, servants, and/or employees" were responsible for the occurrence. *See* ECF 2, ¶ 5. Notably, although defendant raised this issue in its opposition, plaintiff did not reply in support of the Motion to Amend, and has never supplemented his argument. Therefore, there is no basis to conclude that plaintiff's amendments relate back.

I am mindful that in the current Scheduling Order, I extended, until January 15, 2018, the deadline for plaintiff to add additional parties and amend the pleadings. ECF 30. But, this

extension does not demand that I allow futile amendments. Accordingly, I shall deny the Motion to Amend. ECF 31.


Date: February 21, 2018                                        /s/
                                                    Ellen Lipton Hollander
                                                    United States District Judge